CAROLINE SMART, Suing in Her Own Behalf and in Behalf of Such Legal Holders of Bonds as Choose to Make Themselves Parties to the Action, Respondent, v. THE EAST SIDE CLUB and Another, Defendants, Impleaded with LOUIS S. CRANDALL, Substituted Trustee, etc., for the Benefit of the Holders of the Bonds Secured by a Mortgage or Deed of Trust Executed by the EAST SIDE CLUB, Appellant.

LOUIS S. CRANDALL, as Trustee for the Holders of Bonds Issued in Conformity with and Secured by a Certain Mortgage or Deed of Trust Executed by the EAST SIDE CLUB, Dated November 1, 1909, Appellant, v. THE EAST SIDE CLUB, Respondent.

Third Department, March 3, 1920.

Mortgage — foreclosure of trust mortgage — suit by trustee pending suit by bondholder — when bondholder may continue suit.

Where a bondholder brought a suit to foreclose a mortgage made by an incorporated club after the trustee named in the mortgage had refused to sue on due request to do so, and the trustee sought to defeat the foreclosure on the ground that the mortgage had not been authorized by the court as required by section 13 of the Membership Corporations Law, and the mortgage was thereafter confirmed by the court, and the trustee thereupon sues to foreclose without leave of court and with knowledge that the other suit is pending, the suit by the trustee is illegal and the bondholder will be allowed to continue her action by filing a supplemental complaint.

APPEAL in the first action by the defendant, Louis S. Crandall, substituted trustee, etc., from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Rensselaer on the 21st day of October, 1919, granting leave to the plaintiff to make, file and serve a proposed supplemental complaint.

Appeal in the second action by the plaintiff, Louis S. Crandall, as trustee, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Rensselaer on the 1st day of November, 1919, denying plaintiff's motion for an order to compute the amount due to the owners and holders of bonds issued under and secured by a mortgage to foreclose which this action is brought.

*Anthony P. Finder* [*Thomas S. Fagan* of counsel], for the trustee, appellant.

*Frank E. McDuffee,* for the respondent Smart in first action.

JOHN M. KELLOGG, P. J.:

Caroline Smart, in her own behalf and of other bondholders, brought an action to foreclose a mortgage against the East Side Club, making such club and the trustee named in the mortgage defendants. She had previously served notice upon the trustee requiring him to foreclose the mortgage, and he had omitted so to do. He was one of the trustees of the club and, as president of the club when the mortgage was given, executed the mortgage. The original trustee having died, he was appointed substituted trustee, still retaining his position as a trustee of the club. The club had voted to discontinue its operations and had sold its personal property. It did not defend the action, but the trustee for the bondholders appeared in the action and sought to defeat the foreclosure action in their behalf, on the ground that the original mortgage had not been authorized by the court as required by section 13 of the Membership Corporations Law. The plaintiff withdrew her application for judgment by consent of the court. The trustee for the bondholders then applied to the court and obtained a confirmation of the mortgage, and immediately began an action, as trustee, for the foreclosure of the mortgage, without leave of the court as required by section 1628 of the Code of Civil Procedure, and reciting in the complaint that no other action was pending as required by section 1629 of said Code.

The trustee knew that another action was pending, because he, as a trustee, was defending it against the interest of his *cestui que trust,* and evidently for his own personal reasons or for the benefit of the club. The opinion of Mr. Justice HINMAN, which we approve, so well disposes of most of the questions in the case that it is unnecessary to give further attention to them. The trustee urges here that the trustee of a mortgage is the proper party to foreclose it, and the court will favor a foreclosure brought by him. That point is pretty well answered by the conduct of the trustee in this case. It is

difficult to see, when the club put in no defense, why it was necessary for him as trustee to seek to have it adjudged that the mortgage executed by him and of which he was trustee was invalid. It is also difficult to see why he should bring an unnecessary action. The Special Term felt it unnecessary to pass upon the question of the validity of the mortgage as of its date, or to determine whether the bondholder was authorized to bring the action. The statute refers the confirmation back and declares the mortgage valid from its inception. As the trustee does not seem interested in defending the interests of the bondholders, it is perhaps proper to determine that there was an action legally pending for the foreclosure of the mortgage when the trustee brought his action, and that his action was brought in violation of law and that the bondholder may maintain her action.

The order in each case should be affirmed, with costs.

In the first case: Order unanimously affirmed, with ten dollars costs and disbursements.

In the second case: Order unanimously affirmed, without costs.